IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUTHURINE HENDERSON,

    Plaintiff,

v.

                  CIVIL ACTION FILE
                  NO. 1:14-CV-0907-HLM

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee
for HSI ASSET SECURITIZATION
CORPORATION SECURITY DEED
PASS-THROUGH CERTIFICATE
2006-HE1,

    Defendant.

## ORDER

This case is before the Court on the Motion to Dismiss

filed by Defendant Deutsche Bank National Trust Company

("Defendant") [7].

AO 72A

(Rev.8/8
2)

## I.    Standard Governing a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions of a complaint, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).    When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff.  Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678

2

AO 72A
(Rev.8/8
2)

(2009)).   When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, the Court does not accept as true "unwarranted deductions of fact or conclusions masquerading as facts." Snow v. DirecTV, Inc., 450 F.3d 1314, 1321 (11th Cir. 2006) (internal quotation marks and citation omitted).

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court

AO 72A
(Rev.8/8
2)

observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id.  Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations

4

of the complaint must move the claim "across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

The Court's consideration of a motion to dismiss is generally limited to the face of the complaint itself; however, "[t]he Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." <u>Davis v. Williams Commc'ns, Inc.</u>, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. Mar. 18, 2003). Therefore, when addressing a motion to dismiss, the Court "may also consider any attachments to the complaint, matters of public record,

5

orders, and items appearing in the record." <u>Clark v. Bibb</u>

<u>Cnty. Bd. of Educ.</u>, 174 F. Supp. 2d 1369, 1370 (M.D. Ga.

Nov. 7, 2001); <u>see</u> 5C CHARLES ALAN WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 1364 (3d ed.

2004) (stating that "judicial notice may be taken of prior

pleadings and proceedings[,] . . . transcripts of prior court

proceedings, and various documents that are matters of

public record" (footnotes omitted)).[1]

## II.   Background

### A.   Procedural Background

Plaintiff filed this lawsuit on March 28, 2014. (Docket

Entry No. 1.) Plaintiff asserted claims of "wrongful attempted

---

[1]The Court consequently may consider the Deeds, Assignments, and state court filings attached to the Motion to Dismiss, as those documents are matters of public record. (Mot. Dismiss Exs. A-F (Docket Entry Nos. 7-2 through 7-7).)

AO 72A

(Rev.8/8

2)

foreclosure," "misrepresentation," and "damages," (See Compl. (Docket Entry No. 1) ¶¶ 55-71.) On March 31, 2014, Plaintiff filed a Verified Motion for Injunctive Relief seeking to enjoin the foreclosure sale of her home (Docket Entry No. 3), which the Court denied on April 2, 2014 (Docket Entry No. 5).

On May 20, 2014, Defendant filed the instant Motion to Dismiss. (Docket Entry No. 7.) Plaintiff did not respond within the allotted time, and on June 6, 2014, the Court entered and Order directing Plaintiff to respond within fourteen days or the Court would rule on the Motion to Dismiss without the benefit of a response. (Order of Jun3 6, 2014 (Docket Entry No. 8).) Those fourteen days are now elapsed, and Plaintiff has not responded. (See generally

AO 72A
(Rev.8/8
2)

Docket.) Consequently, the Court finds the instant Motion ripe for resolution.

## B.   Plaintiff's Allegations

Plaintiff is a citizen of the State of Georgia and owns real property (the "Property") located at 1266 Glenridge Avenue, Lithonia, Georgia.  (Compl. ¶ 1.) Defendant is a financial trust company and foreign corporation that regularly does business in Georgia, with an address for service of process at 3476 Stateview Blvd., Fort Mill, South Carolina. (Id. ¶ 2.) Defendant is acting as Trustee to the HSA Asset Securitization Corporation Security Deed Pass-Through Certificate 2006-HEI Trust (the "Trust"). (Id. ¶ 3.)

Plaintiff states that on or about March 10, 2010, an assignment of Plaintiff's Security Deed (the "Security Deed")

AO 72A
(Rev.8/8
2)

was filed and recorded in the DeKalb County Records.[2] (Compl. ¶ 21 & Ex. A.) The March 10, 2010, assignment was between Mortgage Electronic Registration Systems ("MERS") as grantor and Defendant as grantee. (Id. ¶ 22 & Ex. A.) The assignment was prepared by Karen Fonda of "Shapiro and Swertfeger," executed by Phillip A. Hasty, a purported vice president of MERS, attested to by Kathy Krueger, a purported assistant secretary for MERS, and notarized by a Georgia Public Notary. (Id. ¶ 23 & Ex. A.)

---

[2]The details of this Security Deed are unclear from the Complaint, however it appears that Plaintiff executed the Security Deed on June 13, 2006, in favor of MERS, and nominee for WMC Mortgage Corp. (See Security Deed (Docket Entry No. 7-3) at 1.) The Security Deed conveyed Plaintiff's rights in the Property, and the associated note (the "Note") was in the amount of $700,000.00. (Id. at 1-3.)

9

On February 21, 2012, another assignment of the Security Deed, executed February 15, 2012, was filed and recorded in the DeKalb County Records. (Compl. ¶ 27 & Ex. B.) Plaintiff asserts that this assignment was also from MERS as assignor to Defendant (Compl. ¶ 28), though the document itself lists assignee as "HSBC Chargeoff" (Compl. Ex. B).

On or about September 30, 2013, Plaintiff filed a twenty-two page fraud affidavit into the DeKalb County Records (the "Fraud Affidavit"). (Compl. ¶ 31 & Ex. C.) The affidavit was prepared and attested to by Charles K. Lamm, who states therein that he is a Certified Fraud Examiner and that he based the affidavit on a "document review . . . of a Note and Security Deed dated June 13, 2006, and a

10

Corporate Assignment dated January 6, 2010. (Compl. Ex. C ¶¶ 1, 7.)

On or about October 31, 2013, Plaintiff filed and recorded into the DeKalb County Records an Affidavit of Notice (the "Revocation Affidavit"), purporting to revoke Defendant's power of attorney. (Compl. ¶ 35 & Ex. D.)

Finally, on February 20, 2014, Plaintiff received a foreclosure notice from attorneys for Defendant. (Compl. ¶ 37 & Ex. E.) The letter stated that a non-judicial foreclosure would occur on April 1, 2014. (Id. ¶ 39 & Ex. E.)

Plaintiff alleges that Defendant "knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein." (Compl. ¶ 5.) Further, "Defendant

11

AO 72A
(Rev.8/8
2)

Deutsche Bank accomplished its conduct by misrepresenting and concealing material information regarding the Security Deed, the promissory note, and its ability to enforce the forthcoming foreclosure for the alleged default of this loan, and by taking steps and making statements in furtherance of their wrongdoing as alleged and specified herein." (Id. ¶ 6.)

Plaintiff alleges that "both the assignments to [Defendant] have fraudulently represented MERS as a corporate fiduciary, a trust or trustee, and [Defendant] as the creditor of the loan and note." (Compl. ¶ 41.) Plaintiff states that the governing instrument of the Trust, the Pooling and Servicing Agreement ("PSA"), requires that, in association with each transfer and assignment to the Trust,

12

that the Trust's custodian receive "the mortgage assignments . . . showing a complete chain of ownership from the originator to the last assignee." (Id. ¶ 43.) Further, Plaintiff contends that a violation of that requirement "means that [Defendant], as Trustee, would be acting in its corporate capacity for a trust which prohibits these transactions and if a formal IRS investigation was to be conducted, the consequences would cause the trust to forfeit its Tax benefits, and be in violation of 26 U.S.[C.] § 860G." (Id. ¶ 44.)

Plaintiff asserts that "[t]he [Security] Deed is the security to the Note and provides the capability for the lender to foreclose on the property. Thus, if the [Security] Deed and the Note are separated, foreclosure legally

13

cannot occur." (Compl. ¶ 45.) Further, "[t]he Note cannot be enforced by the [Security] Deed if each contains a different mortgagee and/or beneficiary; and, if the [Security] [D]eed is not itself a legally enforceable instrument, there can be no valid foreclosure on the homeowner's property as a consequence; the [N]ote becomes an unsecured debt." (Id.)

Plaintiff asserts that pursuant to the PSA, a "true sale" requires the delivery of the original Note with all intervening endorsements showing a complete chain of title to the person endorsing the Note to the Trustee. (Compl. ¶ 46.) Plaintiff then states that the Note in this case was never transferred in this manner. (Id. ¶ 47.) Consequently, Plaintiff alleges that "[t]he Trust has NEVER OWNED the [N]ote or [Security] [D]eed." (Id. ¶ 48 (capitalization in original).)

14

"Plaintiff alleges and contends, therefore, that the consequence of neither MERS or [Defendant] having evidence of an endorsement of the '[N]ote' deems the conveyance chain as improper and there is no verifiable subsequent endorsements conveying the [N]ote to the succeeding parties completing a 'true-sale' therefore neither [Defendant] nor MERS can claim standing." (Id. at 49.)

Plaintiff contends that Defendant's actions are "either intentional, negligent or wanton." (Compl. ¶ 50.) Plaintiff alleges that foreclosure is an equitable remedy and a party requesting that remedy must do so with clean hands. (Id. ¶ 52.) Plaintiff asserts that Defendant lacks standing to foreclose against the Property. (Id. ¶ 53.) Plaintiff states that "the assignments between the parties to the Trust, as

15

required by the PSA are non-existent and therefore the assignments by MERS are void, voidable, illegal, without legal effect and otherwise invalid and unenforceable, as a matter of law." (Id. ¶ 54.)

The foregoing allegations notwithstanding, Defendant has allegedly instituted and eventually seeks to execute a foreclosure against Plaintiff's property. (Compl. ¶ 56.) Further, Plaintiff states that Defendant "knew it lacked standing . . . to give or send notices and to have executed the foreclosure sale against the subject property." (Id. ¶ 62.) Consequently, based on the above allegations, Plaintiff asserts claims of "wrongful attempted foreclosure" (id. ¶¶ 55-60), "misrepresentation" (id. ¶¶ 61-64), and "damages" (id. ¶¶ 65-71).

16

## C.   Relevant Documents

The Security Deed provided that Plaintiff, as the Borrower, was the Grantor under the Security Deed, while MERS was the grantee under the Security Deed.   (Mot. Dismiss Ex. B at 1.)  The Security Deed stated, in relevant part:

> This Security [Deed] secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security [Deed] and the Note.  For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property] . . .
>
> TO HAVE AND TO HOLD this [P]roperty unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the

17

AO 72A

(Rev.8/8

[P]roperty, and all easements, appurtenances, and fixtures now or hereafter a part of the [P]roperty. All replacements and additions shall also be covered by this Security [Deed].   All of the foregoing is referred to in this Security [Deed] as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security [Deed], but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security [Deed].

(Id. at 2-3.)  The Security Deed further provided:

Extension of the time for payment or modification of amortization of the sums secured by this Security [Deed] granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successor in Interest of Borrower. . . . Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons,

18

entities of Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(Id. at 9.)

The Security Deed also stated, in relevant part:

The Note or a partial interest in the Note (together with this Security [Deed]) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security [Deed] and performs other mortgage loan servicing obligations under the Note, this Security [Deed], and Applicable Law.

(Mot. Dismiss Ex. B at 11.)  Finally, Plaintiff executed a

Waiver of Borrower's Rights attached to the Security Deed

that provided, in relevant part:

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND

19

THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION FOR THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION[S] FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL

20

AO 72A

(Rev.8/8
2)

OF GRANTOR'S CHOICE PRIOR TO
EXECUTING THIS DEED; (4) ACKNOWLEDGES
THAT ALL WAIVERS OF THE AFORESAID
RIGHTS OF GRANTOR HAVE BEEN MADE
KNOWINGLY, INTENTIONALLY AND
WILLINGLY BY GRANTOR AS A PART OF A
BARGAINED FOR LOAN TRANSACTION; AND
(5) AGREES THAT THE PROVISIONS HEREOF
ARE INCORPORATED INTO AND MADE A
PART OF THE SECURITY DEED.

(Id. at 20 (capitalization in original).)

On January 6, 2010, MERS executed an assignment of

the Security Deed (the "Assignment") in favor of Defendant

Deutsche Bank.  (Mot. Dismiss Ex. C (Docket Entry No. 7-

4).)  The Assignment provided, in relevant part:

FOR VALUE RECEIVED, [MERS] hereby
transfers, assigns, sells conveys and delivers to
[Defendant] said [Security] Deed . . . together with
the Note and the debt evidenced thereby which
said [Security] Deed was given to secure, and
does hereby deed, grant, bargain, sell and convey
to [Defendant] all of the property in the said

21

[Security] Deed, together with all the rights powers and privileges therein contained in as full, ample and complete manner as [MERS] is authorized to exercise the same.

(Id.)  The Assignment was recorded on March 10, 2010, in Deed Book 21886, Page 99, DeKalb County, Georgia, records.  (Id.)

## III.  Discussion

### A.  Initial Matters

As an initial matter, Plaintiff's Complaint primarily consists of conclusory assertions and legal conclusions.  At most, it sets forth the bare elements of Plaintiff's claims. Plaintiff's Complaint consequently fails to comply with the pleading standards established by Twombly and Iqbal, and it is subject to dismissal.

22

Moreover, Plaintiff's Complaint is a classic shotgun complaint. A shotgun complaint is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Plaintiff's Complaint has many characteristics of a shotgun pleading. Plaintiff's causes of action, in particular, are extremely confusing, and it is

23

difficult to determine precisely what claims Plaintiff intends to assert. Plaintiff's Complaint consequently is an impermissible shotgun pleading.

The Court's analysis could stop here. The Court, however, will endeavor to address the merits of the individual causes of action set forth in Plaintiff's Complaint.

## B.   Res Judicata

Plaintiff filed a complaint against Defendant concerning the Property in DeKalb County, Georgia, Superior Court (the "State Court Complaint) on September 3, 2010. (Mot. Dismiss Ex. E (Docket Entry No. 7-6).) Though the "counts" in the State Court Complaint are worded slightly differently, the allegations contained therein are essentially the same as those currently before the Court. (Compare State Court

Complaint ¶¶ 83-91 (alleging "failure to comply with statute")

<u>with</u> Complaint ¶¶ 55-60 (alleging "wrongful attempted

foreclosure").) The State Court Complaint was later

dismissed with prejudice by DeKalb County Superior Court

Judge Gregory Adams. (<u>See</u> Mot. Dismiss Ex. F (Docket

Entry No. 7-7) at 2.)

Under these circumstances, Plaintiff's claim is barred

by the doctrine of res judicata. O.C.G.A. § 9-12-40 provides:

"A judgment of a court of competent jurisdiction shall be

conclusive between the same parties and their privies as to

all matters put in issue or which under the rules of law might

have been put in issue in the cause wherein the judgment

was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9-12-40. "A party seeking to invoke <u>res</u>

judicata on the basis of a prior judgment [under Georgia law] must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Endsley v. City of Macon, Ga., 321 F. App'x 811, 812 (11th Cir. 2008) (per curiam) (alteration in original) (internal quotation marks and citation omitted).  "Under Georgia law, all claims for relief that concern the same subject matter must be raised in the first action because [a]ny claims for relief concerning the same subject matter that are not raised are thereafter barred under O.C.G.A. § 9-12-40." Id. (alteration in original) (internal quotation marks and citation omitted). "Further, the

AO 72A

(Rev.8/8
2)

application of <u>res judicata</u> may not be avoided by the addition of new parties in a subsequent suit where the new parties' alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit." <u>Id.</u> (internal quotation marks and citation omitted). Finally, under Georgia law, "[a] dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." <u>Comprehensive Pain Mgmt. v. Blakely</u>, 312 Ga. App. 721, 722, 719 S.E.2d 579, 580 (2011) (internal quotation marks and footnote omitted).

Here, the State Court Complaint involved the same parties and essentially the same factual allegations and causes of action that Plaintiff asserts in the instant action. The DeKalb County Superior Court granted Defendant's

27

motion to dismiss the State Court Complaint, which operated as an adjudication on the merits of Plaintiff's claims therein. Consequently, Defendant demonstrated the three prerequisites for res judicata, and Plaintiff's claims against Defendant in the Instant Action are barred. Nonetheless, as discussed below, even if res judicata was inapplicable to the instant Complaint, Plaintiff still fails to state a viable claim for relief.

## C.  Wrongful Foreclosure Claim

Plaintiff's Complaint contains and claim for "wrongful attempted foreclosure." (Compl. ¶¶ 55-60.) However, the record indicated that a foreclosure sale of the Property occurred on April 1, 2014. (See Mot. Dismiss Ex. D (Docket Entry No. 7-5) at 1-3 (a Deed Under Power evidencing the

April 1, 2014, foreclosure sale of the Property).) Consequently, the Court construes Plaintiff's claim as one for wrongful foreclosure, rather than wrongful attempted foreclosure.

As an initial matter, Plaintiff lacks standing to pursue her wrongful foreclosure claim. "[U]nder Georgia law, a borrower who executes a security deed and defaults on a loan cannot enjoin a foreclosure sale unless he has first paid the full amount due." Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009). Plaintiff does not allege that she tendered the full amount due under the Note or that she is willing to tender the full amount, and Plaintiff

consequently cannot pursue a wrongful foreclosure claim under Georgia law.

Further, Plaintiff's wrongful foreclosure claim appears to rely on her contention that Defendant lacked standing to foreclose on the Property because Defendant was not the holder of the Security Deed or the Note.   The record, however, demonstrates that Defendant held the Security Deed, and this argument consequently fails.

Further, to the extent that Plaintiff seeks to challenge the assignment of the Security Deed to Defendant, she lacks standing to do so because she was not a party to the assignment.   See Montgomery v. Bank of Am., 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013) (finding that mortgagor had no standing to challenge assignment of

30

security deed because mortgagor was not party to that assignment). Moreover, to the extent that Plaintiff contends that Defendant also must possess or produce the Note to foreclose, the Georgia Supreme Court recently rejected this argument. <u>You v. JP Morgan Chase Bank</u>, 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

Additionally, to the extent that Plaintiff argues that the Security Deed and Note were split, causing them to become unenforceable, courts have soundly rejected this argument.

31

AO 72A
(Rev.8/8
2)

E.g., Cooke v. BAC Home Loans Servicing, LP, Civil Action File No. 1:11-CV-2126-TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011); Brown v. Fed. Nat'l Mortg. Ass'n, Civil Action File No. 1:10-CV-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011); Watkins v. Beneficial, HSBC Mortg., Civil Action No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010). Likewise, to the extent that Plaintiff relies on arguments concerning securitization or alleged violations of agreements to assign the Note to a trust, those arguments do not give rise to a viable cause of action. See Nye v. HSBC Bank USA, N.A., Civil Action No. 1:12-CV-0770-RWS, 2012 WL 5613448, at *3 (N.D. Ga. Nov. 14, 2012) ("[T]he securitization of a mortgage does not give rise to a

cause of action."); see also Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (per curiam) (finding that plaintiffs did not have standing to challenge validity of transfer based on alleged violation of pooling and servicing agreement for trust; plaintiffs were not party to pooling and servicing agreement or to challenged transfer).

Plaintiff also has not successfully alleged the elements of a wrongful foreclosure claim.   Under Georgia law, a plaintiff asserting a wrongful foreclosure claim must show that the party conducting the foreclosure violated Georgia's foreclosure statutes.   McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000). "'Georgia law requires a plaintiff asserting a claim of wrongful

AO 72A
(Rev.8/8

foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages.'" DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008) (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004)). "In exercising a power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the terms of the instrument and to conduct the sale in good faith." Rapps v. Cooke, 246 Ga. App. 251, 253, 540 S.E.2d 241, 242 (2000). Here, Plaintiff offered nothing other than conclusory allegations to support her claim that Defendant breached any legal duty to Plaintiff in foreclosing on the

34

Property, and her wrongful foreclosure claim consequently fails.

Moreover, O.C.G.A. § 44-14-162.2(a), which governs notice of foreclosure sales, provides, in relevant part:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or the entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor. . . .

O.C.G.A. § 44-14-162.2(a).   To the extent that Plaintiff complains that Defendant was not the secured creditor or did not have standing to foreclose, this argument fails for the reasons discussed above.   To the extent that Plaintiff contends that she sent a revocation of power of attorney to

AO 72A

(Rev.8/8
2)

Defendant, that revocation was ineffective because Plaintiff could not void the power of sale in the Security Deed simply by filing an affidavit purporting to revoke power of attorney. See Richards v. Wells Fargo Bank, N.A., 325 Ga. App. 722, 725, 754 S.E.2d 770, 772 (2014) (noting that plaintiff did not void power of sale given under security deed simply by filing affidavit purporting to revoke power of sale); see also Metellus v. Bank of Am., N.A., Civil Action File No. 1:12-CV-01947-CC-GGB, 2012 WL 7763041, at *8 (N.D. Ga. Nov. 2, 2012) (concluding that plaintiff could not cancel security interest by filing unilateral notice of revocation of power of attorney, and noting that "Georgia's procedure for cancelling security interests is laid out in O.C.G.A. § 44-14-3, which requires a creditor to direct the clerk of court to

36

cancel the security interest within 60 days of the debt being paid in full and to sent the debtor the cancellation document"), report and recommendation adopted, 2013 WL 1129399 (N.D. Ga. Mar. 19, 2013).  Plaintiff consequently cannot establish a violation of O.C.G.A. § 44-14-162.2.

Further, Plaintiff failed to allege causation to support her wrongful foreclosure claim.  "To plead causation, Plaintiff must allege that [her] injury was caused by the actions and omissions of [Defendants]."  Freeman v. Wells Fargo Bank, N.A., Civil Action File No. 1:12-CV-2854-RWS, 2013 WL 2637121, at *3 (N.D. Ga. June 11, 2013) (internal quotation marks and citation omitted).  Here, the record indicates that the Note was in default.  Under those circumstances, "Plaintiff's alleged damages . . . flow from

37

[Plaintiff's] own failure to make payments, which resulted in foreclosure." Id.; see also Ezuruike v. Bank of N.Y. Mellon, Civil Action File No. 1:11-CV-4030-JEC-AJB, 2012 WL 3989973, at *4 (N.D. Ga. May 24, 2012) ("Plaintiff . . . does not explain how Defendant's allegedly wrongful actions . . . could have been the proximate cause of the Property's descent into foreclosure proceedings. Rather, the trigger for the attempted foreclosure action appears to have been Plaintiff's failure to make payments on the loan."); Warque v. Taylor, Bean & Whitaker Mortg. Corp., Civil Action No. 1:09-CV-1906-ODE-CCH, 2010 WL 9474634, at *5 (N.D. Ga. July 30, 2010) (finding plaintiff failed to allege facts to support wrongful foreclosure claim where foreclosure resulted from plaintiff's failure to make payments due under

38

loan).   Plaintiff's allegations therefore are insufficient to establish causation.

## D.   Misrepresentation

Plaintiff describes her second cause of action as "misrepresentation." (Compl. ¶¶ 61-64.) Though it is unclear exactly what wrong Plaintiff attempts to allege in that cause of action, it appears to be a claim for fraud. However, even construed liberally, the claim fails due to her failure to plead the claim with specificity, as required by Federal Rule of Civil Procedure 9(b).  Fed. R. Civ. P. 9(b). "The elements in an action for fraud are: 'false representation by a defendant, (2) scienter, (3) intent to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) resulting damages to the plaintiff.'" Jenkins v. BAC Home

AO 72A

(Rev.8/8

Loan Servicing, LP, 822 F. Supp. 2d 1369, 1380 (M.D. Ga. 2011) (quoting Martin v. Ctr. Pointe Inv., Inc., 310 Ga. App. 253, 256-57, 712 S.E.2d 638, 641 (2011)).  To plead a fraud claim with particularity, "'a plaintiff must plead facts as to time, place, substance of the defendant[']s alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them.'" Id. (alteration in original) (quoting Mullinax v. United Mktg. Grp., LLC, No. 1:10-cv-03585-JEC, 2011 WL 4085933, at *12 (N.D. Ga. Sept. 13, 2011)).  "This means that to state an actionable claim for fraud, the plaintiff must state the 'who, what, when[,] where, and how.'" Id. (alteration in original) (quoting Mullinax, 2011 WL 4085933, at *12).  Plaintiff has failed to plead any of the

40

elements of fraud with the required particularity, and her Complaint therefore does not allege a viable constructive fraud claim. The Court consequently grants the Motion to Dismiss with respect to that claim.

### E. Injunctive Relief

Finally, Plaintiff seeks injunctive relief. However, Plaintiff's claim for injunctive relief fails. A district court may grant temporary or preliminary injunctive relief only if the moving party shows that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public

41

interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). "For a permanent injunction, the standard is essentially the same [as that for a preliminary injunction], except that the movant must establish actual success on the merits, as opposed to a likelihood of success." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006) (citation omitted). "[B]ecause [an injunction] is an extraordinary remedy, it is available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1127 (11th Cir. 2005). Here, Plaintiff cannot establish a

AO 72A

(Rev.8/8
2)

likelihood of success on the merits because, as discussed above, Plaintiff's Complaint fails to set forth viable claims for relief. Plaintiff therefore cannot obtain injunctive relief in this action under federal law, and the Court dismisses this claim.

Likewise, Plaintiff cannot obtain injunctive relief under Georgia law. Specifically, Plaintiff did not allege that she tendered the full amount due under the Note or that she is willing to tender the full amount. See Taylor, 2009 WL 249353, at *5 n.6 ("[U]nder Georgia law, a borrower who executes a security deed and defaults on a loan cannot enjoin a foreclosure sale unless he has first paid the full amount due."). Plaintiff's claim for injunctive relief under Georgia law consequently fails, and the Court therefore grants the Motion to Dismiss as to that claim.

43

## IV.  Conclusion

ACCORDINGLY,  the  Court  **GRANTS**  Defendant's Motion to Dismiss [7], and **DISMISSES** this case.  Because it does not appear that Plaintiff could amend her Complaint to state viable claims for relief, this dismissal is **WITH PREJUDICE.**   The  Court  **DIRECTS**  the  Clerk  to **CLOSE** this case. Finally, The Court **DIRECTS** the Clerk to **MAIL** a copy of this Order to Plaintiff at her last-known address: 1266 Greenridge Avenue, Lithonia, GA 30058.

IT IS SO ORDERED, this the 23 day of June, 2014.

_____

UNITED STATES DISTRICT JUDGE

44